■ CHRISTINE CARLETON, an Infant, by Her Father and Natural Guardian, JAMES CARLETON, et al., Appellants, v JOSEPH DIMARTINO et al., Defendants, and TOWN OF BABYLON, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered June 9, 1987, as granted that branch of the defendant Town of Babylon's motion which was for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

The instant action arises out of an accident which occurred on Phelps Lane near the exit to Phelps Lane Park in the Town of Babylon on April 13, 1977. The infant plaintiff Christine Carleton was operating a motorcycle northbound on Phelps Lane when she observed a vehicle operated by the defendant Joseph DiMartino exiting Phelps Lane Park in a westerly direction. Believing that she was about to collide with DiMartino's vehicle, the infant plaintiff took evasive action which resulted in the motorcycle skidding and her ultimately becoming pinned between it and the pavement. As a consequence of the accident, the infant plaintiff was severely injured.

Thereafter, the plaintiffs commenced the instant action, *inter alia*, against the Town of Babylon, alleging that it negligently created a hazardous condition at the exit from Phelps Lane Park which resulted in the infant plaintiff's injuries. More specifically the plaintiffs claimed that prior to the accident the town permitted a brick stanchion, a chain link fence, utility poles and sign posts to exist which blocked the vision of drivers exiting the park. In addition the plaintiffs alleged that the town negligently installed a stop sign behind the chain link fence in the parking area of the park which caused drivers exiting the park to stop once at the sign and then move into the roadway in order to obtain an unobstructed view of the northbound and southbound traffic on Phelps Lane.

Following the joinder of issue and the taking of deposition testimony from the infant plaintiff and DiMartino, the town moved for summary judgment dismissing the complaint and all cross claims as against it. In support of the motion the

town pointed out that the deposition testimony of the infant plaintiff and DiMartino established that there were no obstructions to their views of each other's vehicles, and that, in fact, each saw the other's vehicle, and therefore the town did not negligently cause a hazardous condition to exist which proximately caused the infant plaintiff's injuries. The court granted the town's motion, concluding that there were no issues of fact warranting a trial as to the town. We agree.

While we are cognizant of the general rule that negligence cases are rarely subject to being decided by summary judgment *(see, Andre v Pomeroy,* 35 NY2d 361, 364; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, at 429), we, nevertheless, conclude that based upon the record before us it cannot reasonably be inferred that the conduct of the town was· a proximate cause of the accident in issue *(see, Atkinson v County of Oneida,* 59 NY2d 840; *Nurek v Town of Vestal,* 115 AD2d 116; *Olsen v Baker,* 112 AD2d 510, *lv denied* 66 NY2d 604). Accordingly, the cause of action against the town was properly dismissed. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.