■ MICHAEL LEVITT, Respondent, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF HUNTINGTON, Appellant.—In a negligence action to recover damages for personal injuries, the defendant Town of Huntington appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 19, 1989, which (1) granted the plaintiff's motion, denominated as one pursuant to CPLR 2221 and 5015, to vacate a judgment of the same court, dated June 1, 1987, granting the defendant Town's motion for summary judgment dismissing the complaint against it, based upon newly discovered evidence, and (2) reinstated the complaint against the defendant Town.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The instant action arose out of an accident which occurred on June 5, 1984, at the "T" intersection of Roundtree Drive and the South Service Road of the Long Island Expressway in the Town of Huntington in Suffolk County. The defendant Virginia M. Smith was driving an automobile northbound on Roundtree Drive and attempting to make a left turn onto the westbound lane of the South Service Road when her vehicle collided with a motorcycle operated by the plaintiff and traveling eastbound on the South Service Road. Smith's entry into the "T" intersection was controlled by a stop sign located on Roundtree Drive approximately 45 feet from the intersection. As a consequence of the accident, the plaintiff was severely injured.

The plaintiff commenced the instant action, *inter alia,* against Smith, alleging that she failed to stop at the stop sign before entering the intersection, and against the Town of Huntington (hereinafter the Town) claiming that the Town was negligent in its placement of the stop sign and in failing to maintain the foliage around the stop sign which allegedly obscured the sign and created a hazardous condition.

After issue was joined and Smith's examination before trial was taken, the Town moved for summary judgment dismissing the complaint against it on the ground that its negligence, if

any, did not proximately cause the accident. In support of the motion, the Town submitted Smith's deposition testimony noting that she was very familiar with the subject intersection and that prior to turning into the intersection she had stopped both at the stop sign and at the intersection where she had an unobstructed view of approximately 300 feet to the left. The Supreme Court granted the Town's motion concluding that Smith's unrebutted deposition testimony established that there was no causal connection between any conduct on the part of the Town and the happening of the accident. The court further found that the plaintiff failed, as a matter of law, to sustain his burden of demonstrating the existence of issues of fact as to the Town's liability. This court affirmed the judgment dismissing the complaint as against the Town (see, Levitt v County of Suffolk, 145 AD2d 414).

On or about January 9, 1989, the plaintiff made a motion denominated as one for relief from the judgment pursuant to CPLR 2221 and 5015. The basis of the motion was newly discovered evidence, to wit, the plaintiff's deposition testimony taken on July 7, 1988 and July 13, 1988, after the judgment was entered but while the appeal was pending. The plaintiff testified that the Smith vehicle did not stop before proceeding into the intersection but came right through. The plaintiff claimed that the new testimony created an issue of fact as to whether the Town negligently caused a hazardous condition to exist which proximately caused the accident. The Supreme Court granted the motion to vacate the judgment. This appeal ensued.

Although we are in agreement with the Supreme Court that a court of original jurisdiction may entertain a motion to renew or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate court has affirmed the original order or judgment (see, e.g., Harrell v Koppers Co., 154 AD2d 340, 342; Sciss v Metal Polishers Union Local 8A, 149 AD2d 318, 321; NAB Constr. Corp. v Great Am. Ins. Cos., 75 AD2d 790, affd 53 NY2d 964), we do not find that the plaintiff exercised due diligence in producing the "new evidence". Assuming, as the plaintiff contends, that he was not sufficiently recovered prior to July 1988 for his deposition to be taken, he has failed to proffer a sufficient explanation for the six-month postdeposition delay in seeking to vacate the prior judgment. The appeal was not argued until November 14, 1988, and the decision was made on December 5, 1988. Although the plaintiff's physical condition offers a valid excuse for his failure to produce the new evidence in opposition

to the original summary judgment motion, on this postappeal motion the plaintiff bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty *(see generally, Matter of Beiny,* 132 AD2d 190, 210). Under these circumstances, the Supreme Court's vacatur of the judgment was not appropriate *(see, Matter of Beiny, supra; Matter of Banow v Simins,* 53 AD2d 542).

Even if consideration of the new evidence were appropriate at this juncture, we would find that the plaintiff's deposition testimony does not support his contentions that Smith did not see the stop sign because it was obscured by vegetation and that its placement created a hazardous condition. Thus, there was no issue of fact that should have been presented to a jury with respect to the Town's negligence in causing the accident *(see, Atkinson v County of Oneida,* 59 NY2d 840). In light of Smith's familiarity with the intersection, it appears that the accident was likely caused either by Smith's negligence in failing "to see what by the proper use of her senses she might have seen" *(Weigand v United Traction Co.,* 221 NY 39, 42) or by the plaintiff's contributory negligence or a combination of both *(see, Applebee v State of New York,* 308 NY 502; *Safran v Amato,* 155 AD2d 653; *Carleton v DiMartino,* 143 AD2d 624; *see also, Olsen v Baker,* 112 AD2d 510). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.