ESTATE OF ANNA K. ESSIG, Deceased, et al., Appellants, v 5670 58 STREET HOLDING CORP. et al., Respondents, et al., Defendant. [887 NYS2d 244]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the owners of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated October 2, 2008, which granted the motion of the defendants 5670 58 Street Holding Corp., Lorraine Angelillo, and Sandra Vaichunas which was for leave to renew their opposition to that branch of the plaintiffs' prior motion which was for summary judgment on their declaratory judgment cause of action and, upon renewal, vacated a judgment entered August 7, 2008, and denied that branch of the plaintiffs' prior motion.

Ordered that the order is reversed, on the law, with costs, the motion for leave to renew is denied, and the judgment entered August 7, 2008 is reinstated.

On prior appeals, this Court, inter alia, affirmed an order granting that branch of the plaintiffs' prior motion which was for summary judgment on their cause of action for a judgment declaring that they are the owners of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp. and affirmed an order denying the respondents' prior motion for leave to renew their opposition to that branch of the plaintiffs' prior motion (*see Estate of Essig v 5670 58 St. Holding Corp.,* 50 AD3d 948 [2008]). Thereafter, the respondents moved again for leave to renew based upon documents discovered four months earlier. The Supreme Court granted the motion and, upon renewal, vacated the judgment entered August 7, 2008, and denied that branch of the plaintiffs' prior motion which was for summary judgment on their declaratory judgment cause of action. We reverse.

Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Moreover, while "a court of original jurisdiction may entertain a motion to renew

or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate court has affirmed the original order or judgment . . . on [a] *postappeal motion [to renew] the [movant] bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty"* (*Levitt v County of Suffolk,* 166 AD2d 421, 422-423 [1990] [citations omitted; emphasis added]). Here, the respondents failed to offer a reasonable explanation for their failure to present the "new facts" in conjunction either with their opposition to that branch of the plaintiffs' prior motion which was for summary judgment on their declaratory judgment cause of action or with their first motion for leave to renew (*see Elder v Elder,* 21 AD3d 1055 [2005]; *Renna v Gullo,* 19 AD3d 472, 473 [2005]). Accordingly, the respondents' motion for leave to renew should have been denied. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.