■ BRENDA ANDREWS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [934 NYS2d 840]—

By order dated March 18, 2008, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. By decision and order dated October 6, 2009, this

Court reversed that order and granted the defendant's motion for summary judgment (*see Andrews v New York City Hous. Auth.*, 66 AD3d 619 [2009]). In the order appealed from here, the Supreme Court denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant's prior motion for summary judgment. We affirm.

Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). " '[O]n [a] postappeal motion [to renew] the [movant] bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty' " (*Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d 822, 823 [2009] [emphasis omitted], quoting *Levitt v County of Suffolk*, 166 AD2d 421, 423 [1990]). A "motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Renna v Gullo*, 19 AD3d 472, 472 [2005], quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]).

Here, the plaintiffs failed to meet their "heavy burden" of showing due diligence (*Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d at 823; *see Zarecki & Assoc., LLC v Ross*, 50 AD3d 679, 680 [2008]; *see also Ferdico v Zweig*, 82 AD3d 1151, 1152 [2011]; *Elder v Elder*, 21 AD3d 1055, 1056 [2005]; *Renna v Gullo*, 19 AD3d at 473; *Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *Welch Foods v Wilson*, 247 AD2d 830, 830-831 [1998]; *Levitt v County of Suffolk*, 166 AD2d at 423; *City of White Plains v Deruvo*, 159 AD2d 534, 534 [1990]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.