■ BRIAN SEALEY, Appellant, v WESTEND GARDENS HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Defendants/Third-Party Plaintiffs-Respondents. STERLING ELEVATOR CORP., Third-Party Defendant-Respondent. [949 NYS2d 89]—

In 1999, the plaintiff was injured when he attempted to ride his electric-powered wheelchair into an elevator that was misleveled by five to six inches. On the plaintiff's second attempt to enter the elevator, the wheelchair flipped over backwards, ejecting the plaintiff.

On the plaintiff's prior appeal, by decision and order dated February 20, 2007, this Court affirmed so much of a Supreme Court order dated July 5, 2005 (hereinafter the 2005 order), as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Borough Park Housing Development Fund Company, Inc. (hereinafter Borough Park) (*Sealey v West End Garden Dev. Fund Co., Inc.*, 37 AD3d 699 [2007]). More than two years later, the plaintiff moved, inter alia, in effect, pursuant to CPLR 5015 to vacate the 2005 order insofar as it awarded summary judgment to the defendant Borough Park, on the grounds of newly discovered evidence (*see* CPLR 5015 [a] [2]) and "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). The new evidence consisted of an owner's operator and maintenance manual, which reportedly was given to the plaintiff several years prior to the accident and reflects a publication date of 1990. The plaintiff contended that the owner's manual submitted by the defendants on their summary judgment motion was "bogus," as it was published after his accident. The plaintiff further claimed that, unlike the owner's manual submitted by the defendants, the new evidence did not contain a warning not to drive over curbs or obstacles. The Supreme Court denied the plaintiff's motion.

"[W]hile 'a court of original jurisdiction may entertain a mo-

tion to renew or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate court has affirmed the original order or judgment . . . on [a] postappeal motion [to renew or to vacate] the [movant] bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty' " (*Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d 822, 822-823 [2009] [emphasis omitted], quoting *Levitt v County of Suffolk*, 166 AD2d 421, 422-423 [1990]).

Here, the plaintiff failed to meet his "heavy burden" of showing due diligence (*Levitt v County of Suffolk*, 166 AD2d at 423; *see Andrews v New York City Hous. Auth.*, 90 AD3d 962 [2011]; *Sieger v Sieger*, 51 AD3d 1004 [2008]; CPLR 5015 [a] [2]). Likewise, the plaintiff unreasonably delayed in making his motion pursuant to CPLR 5015 (a) (3) (*see Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc.*, 27 AD3d 608 [2006]; *Sieger v Sieger*, 51 AD3d at 1006). Accordingly, the Supreme Court properly denied the plaintiff's motion. Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.