OPINION OF THE COURT
James D. Pacones, J.
Defendant Dr. Fabian Bitan moves pursuant to CPLR 2221 for renewal of his summary judgment motion for good cause shown, and upon renewal, for an order pursuant to CPLR 3212 dismissing the plaintiffs complaint with prejudice. The plaintiff opposes the defendant’s motion.
*518 The defendant’s motion for summary judgment was granted by this court on the merits pursuant to a decision and order dated August 18, 2010 and the plaintiff’s complaint was dismissed. On appeal, the Appellate Division reversed this court’s decision and found that the defendant’s motion had been made 121 days after the filing of the note of issue, one day late pursuant to CPLR 3212 (89 AD3d 891 [2d Dept 2011]). The Appellate Division noted that the defendant did not seek leave of the court and failed to offer any reason for the delay; therefore, no good cause was shown to permit the late filing.
The defendant now moves to renew his summary judgment motion, arguing that a recently discovered error of the clerk of the court caused the late filing of his initial summary judgment motion.
A motion for leave to renew pursuant to CPLR 2221 “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]) and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]; see Gonzalez v Vigo Constr. Corp., 69 AD3d 565 [2d Dept 2010]).
“The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court’s discretion to grant renewal upon facts known to the moving party at the time of the original motion ‘if the movant offers a reasonable excuse for the failure to present those facts on the prior motion.’ ” (Gonzalez, 69 AD3d at 566, citing Matter of Surdo v Levittown Pub. School Dist., 41 AD3d 486, 486 [2007]; Heaven v McGowan, 40 AD3d 583, 586 [2007].)
Initially, the court dispenses with the plaintiffs argument that the defendant has failed to identify the motion he is seeking to renew. The defendant clearly identifies the motion for which renewal is sought as his summary judgment motion and attaches to his renewal motion papers a complete set of the motion papers, including the plaintiff’s opposition, on the prior application for summary judgment. Accordingly, the court finds that the defendant has clearly identified the motion he seeks to renew.
The court also finds without merit the plaintiff’s assertion that the Appellate Division’s decision reversing the initial determination of this court acts to bar this court from considering the defendant’s motion to renew his summary judgment mo *519 tion. The court has reviewed the Appellate Division’s decision and finds that it was grounded on a procedural aspect, the failure to timely file the summary judgment motion, rather than on the merits of the defendant’s argument. As such, the court can discern no prohibition against it now considering the defendant’s motion to renew.
Turning to the merits of the defendant’s application, the defendant has submitted evidence establishing that a data entry error occurred with eCourts, which was subsequently downloaded by e-Law, involving the reported date the plaintiff filed her note of issue. Specifically, although the plaintiffs note of issue was filed on March 15, 2010, eCourts reported the filing date as March 16, 2010. To date, the filing date as reported by eCourts remains March 16, 2010. Because the defendant did not receive a copy of the note of issue date-stamped by the clerk’s office, the defendant believed March 16, 2010 to be the actual filing date and calculated his time to file his summary judgment motion based upon that date. The defendant, unaware of the discrepancy existing between the actual filing date and the filing date as reported on eCourts and e-Law at the time the underlying summary judgment motion was made, believed his motion was timely and therefore did not argue for leave of the court to file a late motion.
The court finds that the defendant has established reasonable justification for his initial failure to request leave to file a late motion for summary judgment. The defendant was unaware of the reporting error with the note of issue filing date until the matter had already been decided by this court and therefore had no opportunity, nor reason to suspect it was necessary, to request leave to file his motion late. Moreover, it was reasonable for the defendant to believe he could accurately rely on the date reported by eCourts and e-Law in calculating his time frame to file a motion for summary judgment. Therefore, the court grants the defendant’s motion to renew his prior summary judgment motion.
The next inquiry the court must make requires a determination as to whether the defendant has shown good cause to permit the late filing of his motion. In determining whether good cause exists to permit the late filing of a motion for summary judgment, courts are afforded latitude and may entertain a belated but meritorious motion in the interest of judicial economy where the opposing party fails to demonstrate prejudice. (Goodman v Gudi, 264 AD 2d 758 [2d Dept 1999].) Good *520 cause requires “a satisfactory explanation for the untimeliness — rather than simply permitting meritorious nonprejudicial filings, however tardy.” (Brill v City of New York, 2 NY3d 648, 652 [2004].)
The court finds that the defendant has demonstrated good cause for bringing his summary judgment motion one day late. The defendant calculated his deadline to serve the motion for summary judgment based upon the note of issue filing date as reported on eCourts and downloaded by e-Law. According to the reported filing date, the defendant’s motion was timely. However, because of the error in reporting the correct filing date the defendant’s motion was in actuality one day late. Courts have routinely excused tardiness that resulted from court error. (See Mayer v New York City Tr. Auth., 39 AD3d 349 [1st Dept 2007] [finding good cause established for filing of late summary judgment motion when clerk rejected prior timely motion because of confusion over proper caption]; Beneficial Fin. Co. of N.Y. v Kramer, 48 AD2d 822 [2d Dept 1975] [finding excusable default when clerk informed defendant of incorrect trial date].) Moreover, the plaintiff has not alleged that she would suffer any prejudice as a result of the defendant’s one-day-late filing. Therefore, the court finds that good cause exists to permit the defendant’s filing of his summary judgment motion one day late.
Upon renewal of the defendant’s motion for summary judgment and finding good cause exists to permit the late filing of the motion, the court further finds that the defendant has established entitlement to judgment dismissing the plaintiff s complaint. It is well settled that in order
“[t]o obtain summary judgment it is necessary that the movant establish his [or her] cause of action or defense ‘sufficiently to warrant the court as a matter of law in directing judgment’ in his [or her] favor (CPLR 3212, subd [b]), and he [or she] must do so by tender of evidentiary proof in admissible form.” (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979].)
Parties opposing a motion for summary judgment are obliged to lay bare their evidentiary proof in admissible form in order to show that their allegations are capable of being established at a trial. (Albouyeh v County of Suffolk, 96 AD2d 543 [2d Dept 1983], affd 62 NY2d 681 [1984].) Bare conclusory allegations, expressions of hope or unsubstantiated assertions are insuf *521 ficient. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
In order for the defendant to obtain summary judgment in this medical malpractice action, he must establish “the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby.” (Shahid v New York City Health & Hosps. Corp., 47 AD3d 800, 801 [2d Dept 2008].) On this application, defendant Dr. Bitan has made a prima facie showing of entitlement to judgment as a matter of law by submitting his affidavit in which he opines to a reasonable degree of medical certainty, inter alia, that the care and treatment rendered to the plaintiff did not depart from good and accepted medical practice and was not a proximate cause of any of her alleged injuries. (Swezey v Montague Rehab & Pain Mgt., P.C., 59 AD3d 431, 433 [2d Dept 2009].) Since the defendant has established, on a prima facie basis, his entitlement to judgment as a matter of law, the burden shifts to the plaintiff to lay bare her proof and demonstrate the existence of a triable issue of fact. (Chance v Felder, 33 AD3d 645, 646 [2d Dept 2006].) In response to this motion, the plaintiff has submitted only the affirmation of her attorney which has no probative value on the issues before the court. (Zoldas v Louise Cab Corp., 108 AD2d 378 [1st Dept 1985].) Counsel’s general conclusory allegations unsupported by competent evidence establishing the essential elements of medical malpractice are insufficient to defeat summary judgment. (DiMitri v Monsouri, 302 AD2d 420, 421 [2d Dept 2003].)
For all of the foregoing reasons, it is ordered that the defendant’s motion to renew its summary judgment is granted and, upon renewal, the defendant’s motion for summary judgment is granted and the plaintiffs complaint is dismissed.