■ SPECIALIZED REALTY SERVICES, LLC, Appellant, v TOWN OF TUXEDO et al., Respondents. [966 NYS2d 148]—

In an action, inter alia, for a judgment declaring that the plaintiff's real property is exempt from certain land-use and building code regulations, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated October 25, 2011, which denied its motion for leave to renew its opposition to that branch of the defendants' motion which was for summary judgment, which had been granted in an order of the same court dated July 14, 2009, and pursuant to CPLR 5015 (a) (2) and (3) to vacate a judgment of the same court dated August 4, 2009, which, upon the order dated July 14, 2009, is in favor of the defendants and against it, in effect, declaring, among other things, that the subject real property is not exempt from the relevant land-use and building code regulations.

Ordered that the order dated October 25, 2011, is affirmed, with costs.

A court of original jurisdiction may entertain a motion for leave to renew or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate court has affirmed the original order or judgment. Nonetheless, in order to imbue the appellate decision with a degree of certainty, on a postappeal motion for leave to renew or to vacate, the movant bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court (see Estate of Essig v 5670 58 St. Holding Corp., 66 AD3d 822, 822-823 [2009]; see also Sealey v Westend Gardens Hous. Dev. Fund Co., Inc., 97 AD3d 653, 654-655 [2012]; Andrews v New York City Hous. Auth., 90 AD3d 962, 963 [2011]; Levitt v County of Suffolk, 166 AD2d 421, 422-423 [1990]).

Here, on a prior appeal, this Court affirmed a judgment, in effect, declaring that the plaintiff's real property is not exempt from certain land-use and building code regulations (see Specialized Realty Servs., LLC v Town of Tuxedo, 80 AD3d 690 [2011]). Since the plaintiff offered no reasonable explanation for its failure to have discovered the purportedly relevant new evidence by the time it opposed the defendants' prior summary

judgment motion, it failed to meet this heavy burden (*see Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d at 654-655; *Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d at 823; *Levitt v County of Suffolk*, 166 AD2d at 423). In any event, even if the plaintiff had demonstrated the requisite reasonable justification, denial of the motion would have been warranted because the allegedly new facts offered would not have changed the prior determination (*see Hughes v Welsbach Elec. Co.*, 101 AD3d 684 [2012]; *Kaya v B & G Holding Co., LLC*, 101 AD3d 685 [2012]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 792 [2012]; *Abrams v Berelson*, 94 AD3d 782, 784 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772 [2012]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for leave to renew its opposition to the defendants' motion for summary judgment and pursuant to CPLR 5015 (a) (2) to vacate the judgment on the ground of newly discovered evidence.

Moreover, the plaintiff was not entitled to vacatur of the judgment pursuant to CPLR 5015 (a) (3), as it failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the defendants in securing the judgment that would warrant such relief (*see Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 869 [2011]; *Welz v Welz*, 83 AD3d 696, 697 [2011]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Badgett v Badgett*, 2 AD3d 379 [2003]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (3) to vacate the judgment on those grounds. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.