OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
Defendant, Dalipchand Bhikhi, moves pursuant to CPLR 2221 for leave to renew defendant’s motion to dismiss plaintiffs action due to the failure to obtain personal jurisdiction over Bhikhi, and upon such leave to dismiss this action against Bhikhi. Defendant alleges that the service of process at 16 Knapp Avenue, Middletown, New York, a home owned by defendant, was ineffective service as defendant alleges he never lived there and the house was rented to two tenants at the time of service. By decision and order of this court dated January 14, 2012, this court found, post-traverse, that there was jurisdiction over the defendant pursuant to CPLR 308 (2). The First Department affirmed this court’s January 14, 2012 decision. The First Department further stated that defendant’s denial that he lived at the Middletown address “merely created an issue of credibility. While it was in defendant’s power to produce the leases to these other people, he did not do so.” (Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012].)
On this motion to renew postappeal, defendant now produces the leases for the Middletown property to two tenants. The terms of the leases cover the time period defendant was served with process in Middletown.
“ ‘[W]hile “a court of original jurisdiction may entertain a motion to renew or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate court has affirmed the original order or judgment ... on [a] postappeal motion [to renew or to vacate] the [movant] bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty” ’ (Estate of Essig v 5670 58 St. Holding Corp., 66 AD3d 822, 822-823 [2009] [emphasis omitted], quoting Levitt v County of Suffolk, 166 AD2d 421, 422-423 [1990]).” (Sealey v Westend Gardens Hous. Dev. Fund Co., Inc, 97 AD3d 653, 654-655 [2d Dept 2012].)
In meeting defendant’s “heavy burden” to show due diligence in order to renew a motion after an appellate affirmance, defend *1088 ant essentially claims to have submitted enough evidence that his residence was in the Bronx, not Middletown. Defendant further argues that while this court “specifically requested that Bhikhi produce a driver’s license and insurance card, which were produced, it never requested that he produce leases for the two tenants who resided at 16 Knapp Street at the time of the alleged service of process.” (Defendant’s mem of law at 7.)
First, it should be noted that the insurance card showing a Bronx address covered the time period of May 2, 2010 to October 26, 2010. Therefore the insurance card was not evidence of residence at the time of service on the Middletown address because defendant was served in Middletown on January 19, 2011.
Second, defendant is attempting to shift the burden to produce sufficient evidence to prove residence from the movant to the court. It is movant’s sole burden to submit sufficient evidence in a traverse hearing to dismiss the action against him. Defendant had four opportunities to submit those two leases, in the motion papers themselves and during the three dates the traverse hearing was held, November 7, 2011, December 12, 2011 and January 4, 2012. Clearly, defendant has not met his “heavy burden” to show due diligence in submitting these leases, which were presumptively in existence at the time of defendant’s original motion and the traverse hearing.
Accordingly, defendant’s motion to renew is denied on default.