■ COLLEEN DERBY, Appellant, v FABIAN BITAN, Respondent. [977 NYS2d 405]—

In an action to recover damages for medical malpractice, lack of informed consent, and breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 28, 2012, which granted the defendant's motion for leave to renew his prior motion for summary judgment dismissing the complaint and, upon renewal, granted the defendant's prior motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"A motion for leave to renew is addressed to the sound discretion of the court" (*Matheus v Weiss*, 20 AD3d 454, 454-455 [2005]; *see Mi Ja Lee v Glicksman*, 14 AD3d 669, 670 [2005]). Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d 822, 822 [2009]). Furthermore, on a postappeal motion to renew, the movant bears a "heavy burden of showing due diligence in presenting the new evidence to the Supreme Court" in order to imbue the appellate decision with a degree of certainty (*Levitt v County of Suffolk*, 166 AD2d 421, 423 [1990]; *see Abrams v Berelson*, 94 AD3d 782, 787 [2012]; *Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]; *Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d at 823; *see also Specialized Realty Servs., LLC v Town of Tuxedo*, 106 AD3d 987, 987 [2013]; *Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d 653, 654-655 [2012]).

Here, the Supreme Court providently exercised its discretion in granting the defendant leave to renew his prior motion for summary judgment dismissing the complaint. The defendant's submissions included new factual material that "would change the prior determination" (CPLR 2221 [e] [2]), and the defendant demonstrated a "reasonable justification" for his failure to present such evidence in support of his prior motion (CPLR 2221 [e] [3]). Furthermore, the defendant sustained his heavy burden of demonstrating due diligence in presenting the new evidence to the Supreme Court (*compare Abrams v Berelson*, 94 AD3d at 787; *Levitt v County of Suffolk*, 166 AD2d at 422-423).

Upon renewal, the Supreme Court providently exercised its discretion in reaching the merits of the defendant's prior motion for summary judgment despite the fact that it was made one day beyond the statutorily prescribed period for making such motions (*see* CPLR 3212 [a]). The new evidence submitted by the defendant in support of his renewal motion established good cause for the de minimis delay (*see generally DeFilippo v Miller*, 106 AD3d 770, 771 [2013]; *Popalardo v Marino*, 83 AD3d 1029, 1030 [2011]; *Mayer v New York City Tr. Auth.*, 39 AD3d 349, 349 [2007]; *Castro v Homsun Corp.*, 34 AD3d 616, 617 [2006]; *see also Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]).

In reaching the merits of the defendant's prior motion for

summary judgment, upon renewal, the Supreme Court properly determined that the defendant established, prima facie, his entitlement to summary judgment dismissing each of the three causes of action asserted in the complaint alleging medical malpractice (*see Tuorto v Jadali*, 62 AD3d 784, 784 [2009]), lack of informed consent (*see Johnson v Staten Is. Med. Group*, 82 AD3d 708, 709 [2011]; *Luu v Paskowski*, 57 AD3d 856, 858 [2008]), and breach of contract (*see Scalisi v New York Univ. Med. Ctr.*, 24 AD3d 145, 147 [2005]; *Dodes v North Shore Univ. Hosp.*, 149 AD2d 455, 456 [1989]). The plaintiff's submissions in opposition, consisting of only an attorney affirmation, failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Accordingly, upon renewal, the Supreme Court properly granted the defendant's prior motion for summary judgment dismissing the complaint. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur. **[Prior Case History: 38 Misc 3d 516.]**