In an action, inter alia, to void a deed, the defendant E.R. Holdings, LLC, appeals (1) from an order of the Supreme Court, Kings County (Solomon, J.), dated March 23, 2012, which denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, and (2), as limited by its brief, from so much of an order of the same court dated August 2, 2012, as denied that branch of its motion which was for leave to renew its prior motion for summary judgment dismissing the amended complaint insofar as asserted against it.
Ordered that the order dated March 23, 2012, is affirmed; and it is further,
Ordered that the order dated August 2, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs sought, inter alia, to void a deed dated October 23, 2007, pertaining to certain real property located in Brooklyn (hereinafter the subject property). This deed purported to transfer title of the subject property from Joseph N. Cox, Sr., to Joseph N. Cox, Jr., and Joseph N. Cox, Sr., as joint tenants with rights of survivorship. Joseph N. Cox, Jr., allegedly utilized a durable general power of attorney dated June 18, 2007, in order to execute the deed on behalf of Joseph N. Cox, Sr. In May 2008, Joseph N. Cox, Sr., died. In July 2008, Joseph N. Cox, Jr., mortgaged the subject property to the defendant E.R. Holdings, LLC (hereinafter the appellant). The plaintiffs, who are allegedly surviving heirs of Joseph N. Cox, Sr., commenced the instant action. Thereafter, the appellant moved for summary judgment dismissing the amended complaint insofar as asserted *876 against it. The Supreme Court denied the motion. The appellant then moved, inter alia, for leave to renew its prior motion for summary judgment dismissing the amended complaint insofar as asserted against it. That motion was also denied.
In support of its motion for summary judgment dismissing the amended complaint insofar as asserted against it, the appellant failed to make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). As the Supreme Court properly found, it is evident from the appellant’s submissions that triable issues of fact exist, inter alia, as to whether the power of attorney dated June 18, 2007, was invalid, and thus, whether the subsequent deed and mortgage were likewise rendered invalid (see ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803 [2012]; First Natl. Bank of Nev. v Williams, 74 AD3d 740, 741-742 [2010]; Cruz v Cruz, 37 AD3d 754 [2007]). Since the appellant failed to meet its prima facie burden, we need not consider the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Accordingly, the Supreme Court properly denied the appellant’s motion for summary judgment dismissing the amended complaint insofar as asserted against it.
Moreover, the Supreme Court properly denied that branch of the appellant’s motion which was for leave to renew its prior motion for summary judgment dismissing the amended complaint insofar as asserted against it. The new facts adduced on the motion would not have changed the prior determination (see CPLR 2221 [e] [2]; McMahan v McMahan, 110 AD3d 1036 [2013]; Brabham v City of New York, 105 AD3d 881, 882 [2013]; 1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658, 659 [2013]).
The appellant’s remaining contentions are without merit. Mastro, J.E, Rivera, Leventhal and Chambers, JJ., concur.