■ Flippo Davi, Appellant, v Maria Occhino, Respondent.
[983 NYS2d 573]—

In an action, inter alia, to recover damages for trespass and private nuisance, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered October 15, 2012, which denied his motion pursuant to CPLR 2221 (e), in effect, for leave to renew his prior cross motion to reject a referee's report (Geller, Ref.) dated March 5, 2009, made after a hearing, recommending that judgment be entered in favor of the defendant dismissing the complaint, or, in the alternative, pursuant to CPLR 5015 (a) to modify an order of the same court dated August 19, 2009, which confirmed the referee's report.

Ordered that the order entered October 15, 2012, is affirmed, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). A court of original jurisdiction may entertain a motion for leave to renew based on new facts even after an appellate court has affirmed the original order (see Specialized Realty Servs., LLC v Town of Tuxedo, 106 AD3d 987 [2013]; Sealey v Westend Gardens Hous. Dev. Fund Co., Inc., 97 AD3d 653, 654-655 [2012]). However, on a post-appeal motion to renew, "the movant bears a 'heavy burden of showing due diligence in presenting the new evidence to the Supreme Court' in order to imbue the appellate decision with a degree of certainty" (Derby v Bitan, 112 AD3d 881, 882 [2013], quoting Levitt v County of Suffolk, 166 AD2d 421, 423 [1990]; see Specialized Realty Servs., LLC v Town of Tuxedo, 106 AD3d at 988; Abrams v Berelson, 94 AD3d 782, 784 [2012]; Andrews v New York City Hous. Auth., 90 AD3d 962, 963 [2011]).

In support of that branch of the plaintiff's motion which was, in effect, for leave to renew his prior cross motion to reject the referee's report, the plaintiff submitted new evidence that he obtained a certificate of occupancy authorizing him to park one vehicle in the rear of his property. Contrary to the Supreme Court's determination, the plaintiff's motion was based on "new facts" within the ambit of CPLR 2221 (e) (see Ramos v City of New York, 61 AD3d 51, 54 [2009]; Chunqi Liu v Wong, 46 AD3d 735 [2007]; Luna v Port Auth. of N.Y. & N.J., 21 AD3d 324, 326 [2005]). However, the plaintiff did not move for leave to renew until nearly two years after he obtained the new certificate of occupancy, and over one year after this Court affirmed an order dated August 19, 2009, which confirmed the referee's report (see Davi v Occhino, 84 AD3d 1011 [2011]). Under these circum-

stances, the plaintiff did not meet his "heavy burden" of showing that he exercised due diligence in presenting these new facts to the Supreme Court (*Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d at 655 [internal quotation marks omitted]; *Abrams v Berelson*, 94 AD3d at 784 [internal quotation marks omitted]; *Andrews v New York City Hous. Auth.*, 90 AD3d at 963 [internal quotation marks omitted]). In any event, the plaintiff failed to show that these new facts would have changed the Supreme Court's prior determination (*see Abrams v Berelson*, 94 AD3d at 784; *see also Courtview Owners Corp. v Courtview Holding B.V.*, 113 AD3d 722 [2014]; *Cox v Cox*, 112 AD3d 875 [2013]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to renew his prior cross motion to reject the referee's report.

The Supreme Court also properly denied that branch of the plaintiff's motion which was, in the alternative, pursuant to CPLR 5015 (a) to modify the order dated August 19, 2009, which confirmed the referee's report. Contrary to the plaintiff's contention, the certificate of occupancy issued on or about August 2, 2010, did not constitute newly discovered evidence within the meaning of CPLR 5015 (a) (2) because it was not in existence at the time the order dated August 19, 2009, was issued (*see Chase Home Fin., LLC v Quinn*, 101 AD3d 793 [2012]; *Coastal Sheet Metal Corp. v RJR Mech. Inc.*, 85 AD3d 420, 421 [2011]; *Matter of Dyno v Village of Johnson City*, 255 AD2d 737, 738 [1998]; *Pezenik v Milano*, 137 AD2d 748, 749 [1988]).

The plaintiff's remaining contentions are without merit Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.