■ Ari Yemini, Also Known as Arieh Yemini, et al., Appellants-Respondents, v Oded Goldberg et al., Respondents-Appellants, et al., Defendant. [989 NYS2d 123]—

In a consolidated action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered June 4, 2012, as granted that branch of the motion of the defendants Oded Goldberg and Goldberg Commodities, Inc., which was for leave to renew that branch of their prior motion which was to invalidate certain actions and elections of the plaintiff ANO, Inc., which had been denied in an order of the same court entered February 24, 2010, and, upon renewal, in effect, vacated the determination in the order entered February 24, 2010, denying that branch of their motion which was to declare null and void a resolution of ANO, Inc., dated September 4, 2008, purporting to increase the number of directors on the board of directors of ANO, Inc., from one to three, and thereupon granted that branch of the motion, and the defendants Oded Goldberg and Goldberg Commodities, Inc., cross-appeal from so much of the same order as denied that branch of their motion which was to declare that the defendant Oded Goldberg was duly elected as the sole director of ANO, Inc., at a special shareholder meeting conducted on January 9, 2012.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the resolution of the plaintiff ANO, Inc., dated September 4, 2008, is null and void, and declaring that the defendant Oded Goldberg was not duly elected as the sole director of ANO, Inc., at the special shareholder meeting conducted on January 9, 2012.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). A court of original jurisdiction may entertain a motion for leave to renew based on new facts even after an appellate court has affirmed the original order (*see Specialized Realty Servs., LLC v Town of Tuxedo*, 106 AD3d 987 [2013]; *Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d 653, 654-655 [2012]). However, on a post-appeal motion to renew, "the movant bears a 'heavy burden of showing due diligence in presenting the new evidence to the Supreme Court' in order to imbue the appellate decision with a degree of certainty" (*Derby v Bitan*, 112 AD3d 881, 882 [2013], quoting *Levitt v County of Suffolk*, 166 AD2d 421, 423 [1990]; *see Specialized Realty Servs., LLC v Town of Tuxedo*, 106 AD3d at 988; *Abrams v Berelson*, 94 AD3d 782, 784 [2012]; *Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]).

Here, in support of that branch of the motion of the defendants Oded Goldberg and Goldberg Commodities, Inc. (hereinafter GCI; hereinafter together the Goldberg defendants), which was for leave to renew that branch of their prior motion which was to invalidate certain actions and elections of the officers and directors of the plaintiff ANO, Inc. (hereinafter ANO), the Goldberg defendants submitted new evidence. This new evidence showed that, by resolution dated September 4, 2008 (hereinafter the resolution), ANO had purportedly amended its bylaws to provide for the election of three directors, rather than just one, on its board of directors. Thus, the subject motion was based on "new facts" within the ambit of CPLR 2221 (e) (*see Davi v Occhino*, 116 AD3d 651, 652 [2014]). Moreover, as the Goldberg defendants filed the instant motion on March 19, 2012, just six days after Oded Goldberg received a copy of the corporate minutes reflecting the resolution and the purported amendment of ANO's bylaws, the Goldberg defendants met their " 'heavy burden' of showing that [they] exercised due diligence in presenting these new facts to the Supreme Court" (*id.* at 653, quoting *Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d 653, 655 [2012]). Further, upon renewal, the Supreme Court properly granted that branch of the motion which was to declare the resolution null and void because, in violation of Business Corporation Law § 602 (d), ANO failed to give the Goldberg defendants any notice of the September 4, 2008, meeting to amend ANO's bylaws with respect to the election of directors (*cf. Lehman v Piontkowski*, 93 AD2d 809, 813 [1983], *affd* 61 NY2d 703 [1984]).

In addition, the Supreme Court properly denied that branch of the Goldberg defendants' motion which was to declare that Oded Goldberg was duly elected the sole director of ANO at the ANO special shareholder meeting conducted on January 9, 2012. Pursuant to article III, section 1 (b), of ANO's bylaws, members of the board of directors must be elected by a majority of the votes cast. Despite the Goldberg defendants' contentions to the contrary, the record does not support their claim that ANO's bylaws were never adopted by the corporation. Therefore, as Oded Goldberg only received a plurality, not a majority, of the votes cast as required by article III, section 1 (b), of the by-laws, he was not duly elected as the sole director of ANO at the special shareholder meeting conducted on January 9, 2012.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the resolution of ANO dated September 4, 2008, is null and void, and declaring that Oded Goldberg was not duly elected as the sole director of ANO at the special shareholder meeting conducted on January 9, 2012 (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.