In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 16, 2013, which denied its motion for leave to renew its opposition to that branch of the defendants’ motion which was to compel the plaintiff to arbitrate, which had been granted in an order of the same court dated March 24, 2008, as modified by decision and order of this Court dated March 3, 2009, to the extent of directing the plaintiff to arbitrate its claims insofar as asserted against the defendants JP Morgan Chase Bank, N.A., and its predecessors, Chase Investment Services Corp. and JP Morgan Chase & Co.
*772 Ordered that the order dated September 16, 2013, is affirmed, with costs.
The facts underlying this dispute are set forth in our decision and order in the earlier appeal (see Estate of Castellone v JP Morgan Chase Bank, N.A., 60 AD3d 621, 622 [2009]).
The plaintiff allegedly learned at some point that none of the three arbitration forums specified in the subject customer agreement was still in existence. Based on this circumstance, the plaintiff moved in 2013 to renew its opposition to that branch of the defendants’ motion which was to compel the plaintiff to arbitrate. The Supreme Court denied the motion, and the plaintiff appeals.
A motion for leave to renew is addressed to the sound discretion of the court (see Derby v Bitan, 112 AD3d 881, 882 [2013]; Lardo v Rivlab Transp. Corp., 46 AD3d 759, 759 [2007]; Lawman v Gap, Inc., 38 AD3d 852, 852-853 [2007]). Pursuant to CPLR 2221 (e) (2), a motion for renewal must be “based upon new facts not offered on the prior motion that would change the prior determination,” and must contain “reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]; see Derby v Bitan, 112 AD3d at 882). “A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” (Elder v Elder, 21 AD3d 1055, 1055 [2005]; see United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 961 [2015]; Lardo v Rivlab Transp. Corp., 46 AD3d at 759). Moreover, a party seeking renewal after the original determination has been affirmed on appeal bears a “heavy burden” of showing due diligence in presenting the new evidence to the Supreme Court “in order to imbue the appellate decision with a degree of certainty” (Davi v Occhino, 116 AD3d 651, 652 [2014] [internal quotation marks omitted]; see Andrews v New York City Hous. Auth., 90 AD3d 962, 963 [2011]).
Here, the alleged unavailability of the specified arbitration forums was a matter of public record when the plaintiff filed its opposition to the defendants’ motion, and the Supreme Court properly concluded that the plaintiff had failed to exercise due diligence in its original opposition to the motion (see Howard v Stanger, 122 AD3d 1121, 1123 [2014]; Vieyra v Penn Toyota, Ltd., 116 AD3d 840, 841-842 [2014]; Elder v Elder, 21 AD3d at 1055). In any event, the plaintiff did not establish that it acted with diligence in seeking renewal after it discovered that the specified forums were unavailable. Accordingly, the Supreme Court did not improvidently exercise its *773 discretion in denying the plaintiff’s motion for leave to renew its opposition to that branch of the defendants’ motion which was to compel the plaintiff to arbitrate.
Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.