Vyrtle Trucking Corp. v Browne (2018 NY Slip Op 00327)





Vyrtle Trucking Corp. v Browne


2018 NY Slip Op 00327


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-04802
 (Index No. 15075/10)

[*1]Vyrtle Trucking Corp., appellant, 
v
James M. Browne, also known as James Browne, respondent.


Tsyngauz & Associates, P.C., New York, NY (Simon I. Malinowski and Roman Kopelevich of counsel), for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (James A. Rogers of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated February 16, 2016, which denied its motion for leave to renew its opposition to the defendant's motion for summary judgment dismissing the complaint, which had been granted by a decision and order of this Court dated March 13, 2012.
ORDERED that the order is affirmed, with costs.
A truck owned by the plaintiff allegedly was damaged when a vehicle owned by the defendant collided with it. The plaintiff commenced this action against the defendant to recover damages for injury to property. The defendant moved for summary judgment dismissing the complaint on the ground that, at the time of the accident, his vehicle was being operated by an unauthorized driver who had stolen the vehicle. The Supreme Court denied the motion. In a decision and order dated March 13, 2012, this Court reversed and granted the motion (see Vyrtle Trucking Corp. v Browne, 93 AD3d 716). Three years later, the plaintiff moved in the Supreme Court for leave to renew its opposition to the defendant's motion for summary judgment, relying on a photograph taken by the defendant's insurance company that depicted a key in the ignition of the vehicle, and an affidavit from a mechanic opining that this was the original key to the vehicle. The Supreme Court denied the renewal motion, and the plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). The plaintiff demonstrated reasonable justification for failing to present the photograph and affidavit on the defendant's prior motion for summary judgment by establishing that the photograph, on which the affidavit relied, was not served upon it by the defendant until after the motion was made. However, on a postappeal motion to renew, the movant "bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty" (Levitt v County of Suffolk, 166 AD2d 421, 423; see Derby v Bitan, 112 AD3d 881, 882; Abrams v Berelson, 94 AD3d 782, 784; Andrews v New York City Hous. [*2]Auth., 90 AD3d 962, 963; Estate of Essig v 5670 58 St. Holding Corp., 66 AD3d 822). Here, the photograph was obtained by the plaintiff in January 2012, and the affidavit was obtained in January 2014. Yet, the plaintiff's renewal motion was not made until February 2015. Under these circumstances, the plaintiff failed to meet its heavy burden of showing due diligence in presenting the new evidence to the Supreme Court (see Abrams v Berelson, 94 AD3d at 784; Levitt v County of Suffolk, 166 AD2d at 422-423; see also Andrews v New York City Hous. Auth., 90 AD3d at 962).
In any event, the new facts would not have changed the prior determination. On the prior motion, the plaintiff presented evidence that there was a key in the ignition at the time of the accident, but this Court concluded that the plaintiff had nevertheless failed to raise a triable issue of fact as to whether the defendant violated Vehicle and Traffic Law § 1210(a), which prohibits a driver from leaving a vehicle unattended without removing the key. Further evidence in the form of a photograph would not have changed that determination. Moreover, there was no evidence as to when the photograph was taken, and, indeed, there was evidence that it may have been taken after the defendant was asked by his insurance company to provide keys to the vehicle. Finally, to the extent that the photograph may have been taken after the key was provided by the defendant, the affidavit concluding, based upon the photograph, that the key depicted therein was the original key was irrelevant, and, to the extent that the photograph may have been taken before the key was provided by the defendant, the affidavit consisted of mere speculation and conjecture insufficient to raise a triable issue of fact (see generally Latuso v Maresca, 150 AD3d 712, 713).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew its opposition to the defendant's summary judgment motion.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court