Caiazzo v Mark Joseph Contr., Inc. (2022 NY Slip Op 04947)

Caiazzo v Mark Joseph Contr., Inc.

2022 NY Slip Op 04947

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-00068
 (Index No. 43129/09)

[*1]Ronald Caiazzo, appellant, 
v
Mark Joseph Contracting, Inc., et al., respondents, et al., defendant.

Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for respondent Mark Joseph Contracting, Inc.
Abamont & Associates, Garden City, NY (Evan B. Cohen of counsel), for respondent Julia Coen.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 11, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 2221(e) for leave to renew (1) his prior cross motion for summary judgment on the issue of liability, (2) his opposition to those branches of the prior cross motion of the defendants Julia Coen and Ana Reyes which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant Julia Coen, (3) his opposition to those branches of the prior motion of the defendant Mark Joseph Contracting, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1) and 241(6) insofar as asserted against it, all of which had been determined in a prior order of the same court dated October 1, 2012, and (4) his opposition to that branch of the prior motion of the defendant Mark Joseph Contracting, Inc., which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, which had been granted by decision and order of this Court dated July 16, 2014.
ORDERED that the order dated October 11, 2018, is affirmed, with one bill of costs.
In this action to recover damages for personal injuries, the plaintiff alleged that he was injured while installing an air conditioning system in a newly constructed extension at a house owned by the defendant Julia Coen and occupied, in part, by her daughter, the defendant Ana Reyes. According to the plaintiff, Coen hired the defendant Mark Joseph Contracting, Inc. (hereinafter MJC), to construct the extension and hired the plaintiff's employer to install the central air conditioning system. The plaintiff alleged in his complaint and at his deposition that, as he was stepping out of the house through an open and elevated rear doorway, he fell when a wooden spool, which had been used by other workers as a makeshift step, gave way. The plaintiff alleged violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence.
By order dated October 1, 2012, the Supreme Court granted those branches of MJC's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it, and denied that branch of the motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it; granted those branches of the cross motion of Coen and Reyes which were for summary judgment dismissing the complaint insofar as asserted against Reyes and dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Coen, and denied those branches of the motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Coen; and denied the plaintiff's cross motion for summary judgment on the issue of liability.
The plaintiff appealed from so much of the order dated October 1, 2012, as granted those branches of MJC's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) insofar as asserted against it and granted those branches of the cross motion of Coen and Reyes which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Coen. MJC cross-appealed from so much of the order as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it. Coen and Reyes cross-appealed from so much of the order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Coen (see Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 719).
In a decision and order dated July 16, 2014, this Court affirmed the order insofar as appealed from and insofar as cross-appealed from by Coen and Reyes, but reversed the order insofar as cross-appealed from by MJC and granted that branch of MJC's motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it (see id. at 719).
In March 2015, after a jury had been selected for trial, Coen's counsel disclosed two photographs depicting a temporary wooden staircase leading to the side door of the extension. The Supreme Court granted the plaintiff's application for a mistrial, and thereafter, additional photographs were disclosed and further deposition testimony was taken in June 2017. By notice of motion dated February 14, 2018, the plaintiff moved, in effect, pursuant to CPLR 2221(e) for "leave to renew all prior summary judgment motions based on new evidence," contending that the photographs and 2017 deposition testimony not offered on the prior motions would change the prior determinations. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). "[O]n a postappeal motion to renew, the movant 'bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty'" (Vyrtle Trucking Corp. v Browne, 157 AD3d 842, 843, quoting Levitt v County of Suffolk, 166 AD2d 421, 423; see Derby v Bitan, 112 AD3d 881, 882; Abrams v Berelson, 94 AD3d 782, 784).
Here, although the plaintiff demonstrated reasonable justification for failing to present the photographs and the 2017 deposition testimony prior to the determination of the prior summary judgment motions, the Supreme Court properly denied the plaintiff's motion for leave to renew, based on the plaintiff's failure to meet his burden of showing due diligence in presenting the new evidence to the court, since the plaintiff's motion was made more than 3½ years after this Court's decision and order, almost three years after the disclosure of the photographs at issue, and nearly eight months after the June 2017 depositions, and the plaintiff offered no explanation for the excessive delay in seeking leave to renew (see Vyrtle Trucking Corp. v Browne, 157 AD3d at 843; Davi v Occhino, 116 AD3d 651, 652-653; Abrams v Berelson, 94 AD3d at 784 ). In any event, neither the photographs nor the 2017 deposition testimony would have changed the prior [*2]determinations (see Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718).
The plaintiff's remaining contentions are without merit (see CPLR 5015[a][2], [3]).
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court