■ KENNETH RODRIGUEZ, Appellant, v LONG ISLAND COLLEGE HOSPITAL et al., Respondents. [735 NYS2d 611] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Levine, J.), dated February 20, 2001, as denied his motion, *inter alia*, to amend an amended judgment of the same court, dated October 31, 2000, to include interest from the date of the jury verdict, and granted the defendants' respective cross motions to direct the Kings County Clerk to mark the amended judgment satisfied in order to release the appeal bond.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, the motion is granted and the cross motions are denied, and the matter is remitted to the Supreme Court, Kings County, for the calculation of interest and the entry of a second amended judgment in accordance herewith.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to amend the amended judgment to correct the omission of an award of interest from the date of the jury verdict (*see,* CPLR 5019 [a]). It is evident that the omission of this provision from the amended judgment, which was drafted by the defendants, was merely an oversight. The history of this action and the prior motion practice indicate that the defendants fully anticipated that they would have to pay interest on the amended judgment.

Although "laches of a party making an application for relief under CPLR 5019 (a) may always be considered" (*Kiker v Nassau County,* 85 NY2d 879, 881), the plaintiff's three-month delay in moving to correct the amended judgment is not a sufficient delay to constitute laches. Moreover, the defendants failed to establish that correcting the amended judgment will adversely affect a substantial right or prejudice them. The defendants recognized for a period of three years and 10 months after the jury verdict that interest on the verdict was accumulating. The defendants only took the position that the plaintiff waived the right to interest when they realized, some time after October 31, 2000, that the amended judgment contained an error in their favor. Under the circumstances of this case, no substantial right is affected, and the defendants cannot be prejudiced, by correcting the amended judgment to accurately reflect the obligation the defendants knew they owed.

Therefore, the plaintiff's motion to correct the amended judg-

ment should have been granted. The second amended judgment shall include a provision for an award of statutory interest on the share of each defendant from the date of the jury verdict up to and including the date that each defendant deposited their or his respective share of the judgment into court. Furthermore, interest will accrue on the unpaid interest portion of the judgment representing interest from the Supreme Court's entry of the second amended judgment until the interest is paid (*see,* CPLR 5003).

The defendants' remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.