■ GREAT SOUTH BAY FAMILY MEDICAL PRACTICE, LLP, Appellant, v CHARLES P. RAYNOR III et al., Respondents. [826 NYS2d 729]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to exercise an option to purchase certain real property contained in a lease free and clear of all encumbrances, including a certain declaration of easement dated April 30, 2002, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated December 6, 2005, which denied its motion for summary judgment without prejudice to renew upon the completion of discovery.

Ordered that the order is affirmed, with costs.

The plaintiff, Great South Bay Family Medical Practice, LLP (hereinafter the tenant), entered into a lease (hereinafter the lease) with the defendants Charles G. Raynor III and Gilbert D'Andrea, doing business as Raynor & D'Andrea Holding Co. (hereinafter the landlord), dated March 1, 2001, for the property commonly known as 213 Montauk Highway. The 51st paragraph of the rider to the lease contained an option (hereinafter the option) to buy the building of which the demised premises were a part (hereinafter the subject property) for the sum of $1,600,000.

The landlord sent four copies of the lease to the tenant for signature. The tenant handwrote a modification to the option stating that the subject property included the "existing parking lot," initialed the modification, signed the lease, and returned the partially-executed copies of the lease to the landlord. The

landlord initialed the tenant's modification and handwrote below the 51st paragraph of the rider "*LANDLORD RE-SERVES THE RIGHT TO USE SAID PARKING LOT DURING NORMAL BUSINESS HOURS OF THE FUNERAL HOME ADJACENT THERETO." The landlord returned the copies of the lease it had executed to the tenant. In the cover letter, the landlord's counsel pointed out the landlord's modification, noted that it had been added "after a conversation had by my client with yours," and asked the tenant to initial the landlord's modification and sign the rider to the lease which the tenant had failed to do upon its prior execution of the lease. The tenant signed the rider but did not initial the landlord's modification.

Subsequently, a declaration of easement (hereinafter the easement) dated April 30, 2002 was made by the landlord granting an "easement and right-of-way in perpetuity" over the property for "the use and benefit" of the adjacent property where the funeral home is currently situated. The landlord owns both the property and the adjacent property, and for more than 20 years the parking lot on the subject property has been used by the adjacent property.

After the landlord refused the tenant's demand to exercise the option free of the easement, the plaintiff commenced this action. Before discovery began, the plaintiff moved for summary judgment. The plaintiff claims, inter alia, that while its modification to the lease was agreed to by the parties, the landlord's subsequent modification was not.

The plaintiff failed to make a prima facie showing of its entitlement to judgment as a matter of law, at this juncture, on its interpretation of the option (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiff's contention, the option, as modified by the parties' handwritten changes to it, was not a clear, complete, and unambiguous document (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Thus, while "[e]vidence outside the four corners of the document as to what was really intended but unstated or mis-stated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]), here, the interpretation of the handwritten changes to the option requires the admission of parol evidence. There is a triable issue of fact as to the parties' intent regarding their respective rights to the future use and control of the parking lot. Since the plaintiff's motion was made before discovery began, summary judgment is premature at this juncture (*see Sportiello v City of*

*New York,* 6 AD3d 421, 422 [2004]; *Romano v Romano,* 2 AD3d 430, 431 [2003]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment without prejudice to renew upon the completion of discovery.

The parties' remaining contentions need not be reached in light of our determination. Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.