■ RAYMOND RAMOS, Respondent, v DEGI DEUTSCHE GESELLSCHAFT FUER IMMOBILIENFONDS MBH, Defendant and Third-Party Plaintiff-Respondent, and JONES LANG LASALLE AMERICAS, INC., et al., Respondents. ADVANCE CONSTRUCTION CONCEPTS, INC., Third-Party Defendant-Appellant. [830 NYS2d 769]—In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated January 23, 2006, as denied that branch of its motion which

was for summary judgment dismissing the third-party cause of action for contractual indemnification with leave to renew upon completion of discovery and that branch of its motion which was for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution and all cross claims against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification "with leave to renew when discovery, including examinations before trial of all parties, is complete." With regard thereto, summary judgment would have been premature since substantial discovery remained outstanding (see Great S. Bay Family Med. Practice, LLP v Raynor, 35 AD3d 808 [2006]; Rupp v City of Port Jervis, 10 AD3d 391, 392 [2004]).

With regard to that branch of the appellant's motion which was to dismiss the third-party causes of action for common-law indemnification and contribution on the ground that the plaintiff's injuries did not fall within the definition of "grave injury" as defined by Workers' Compensation Law § 11, the appellant met its initial burden of demonstrating its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Marshall v Arias, 12 AD3d 423, 424 [2004]; Fitzpatrick v Chase Manhattan Bank, 285 AD2d 487, 488 [2001]; Ibarra v Equipment Control, 268 AD2d 13, 17 [2000]). In opposition, the plaintiff raised a triable issue of fact. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.