■ MISAEL HERNANDEZ, Plaintiff, v WILLOUGHBY WALK APARTMENTS CORP., Defendant, and WILLOUGHBY WALK COOPERATIVE APARTMENTS, INC., Defendant/Third-Party Plaintiff-Respondent. ROTECH ENTERPRISES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [896 NYS2d 441]—In an action to recover damages for personal injuries and a related third-party action, inter alia, for contractual indemnification, the third-party defendant Rotech Enterprises, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 26, 2009, as, in effect, denied that branch of its motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance insofar as asserted against it.

Ordered that the order is modified, on the law, by adding a

732

provision thereto that the denial, in effect, of that branch of the motion of the third-party defendant Rotech Enterprises, Inc., which was for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance insofar as asserted against it, is without prejudice to renew upon the completion of discovery; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant/third-party plaintiff.

At this juncture, the Supreme Court properly, in effect, denied that branch of the motion of the third-party defendant Rotech Enterprises, Inc. (hereinafter Rotech), which was for summary judgment dismissing the third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance insofar as asserted against it. In this regard, Rotech made its motion prior to the depositions of the parties and while substantial discovery remained outstanding (*see Ramos v DEGI Deutsche Gesellschaft Fuer Immobilienfonds MBH*, 37 AD3d 802, 803 [2007]; *Great S. Bay Family Med. Practice, LLP v Raynor*, 35 AD3d 808, 809-810 [2006]).

We note that, at the oral argument on the motion, the Supreme Court indicated that the denial thereof was "without prejudice to renew." However, the Supreme Court failed to indicate the same in the order appealed from. Where there is an inconsistency between an order and the decision upon which it is based, the decision controls (*see Matter of Stewart*, 65 AD3d 634, 635 [2009]). Such an inconsistency may be corrected either by way of motion for resettlement or on appeal (*see* CPLR 5019 [a]; *Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]). We therefore modify the order accordingly.

In light of our determination, the parties' remaining contentions either are without merit or need not be considered. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.