██ In the Matter of AQUILLA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOSEPH J., Appellant. [931 NYS2d 537]—

The petitioner's motion to "amend" a fact-finding order dated June 23, 2009, to provide that the father had abused the subject

child, based upon the findings of fact contained in that order that the father committed certain acts pursuant to Family Court Act § 1012 (e) (iii), was, in actuality, a motion for resettlement pursuant to CPLR 5019 (a) (*see Halloran v Virginia Chems.*, 41 NY2d 386, 394 [1977]; *Hernandez v Willoughby Walk Apts. Corp.*, 71 AD3d 731, 732 [2010]), and not a motion for reargument pursuant to CPLR 2221. The findings of fact contained in the fact-finding order dated June 23, 2009, supported the conclusion that the father committed acts defined in Family Court Act § 1012 (e) (iii), which refers to child abuse of a sexual nature. Therefore, the change was of form, not of substance (*see Kiker v Nassau County*, 85 NY2d 879, 881 [1995]).

Since the motion was not for reargument, the provisions of CPLR 2221 (d) (3) were inapplicable. Moreover, since the father was not prejudiced by the delay in moving for, in effect, resettlement of the original fact-finding order, consideration of the motion was not barred by the doctrine of laches (*see Kiker v Nassau County*, 85 NY2d at 882; *Rodriguez v Long Is. Coll. Hosp.*, 289 AD2d 556 [2001]). Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.