■ In the Matter of JUDITH N. DOMAN, Deceased. ALEXANDER DOMAN, Appellant; CYNTHIA SCHNEIDER, Respondent. [55 NYS3d 322]—

In a probate proceeding in which the initial executor of the decedent's estate petitioned to judicially settle the first and final account of an irrevocable inter vivos trust, the objectant Alexander Doman appeals (1) from an order of the Surrogate's Court, Suffolk County (Braslow, S.), dated December 19, 2014, which denied his motion, in effect, for leave to renew with respect to a decree of the same court (Czygier, Jr., S.) dated October 3, 2011, and (2), as limited by his brief, from so much of an order of the same court (Braslow, S.), dated September 3, 2015, as denied his motion pursuant to CPLR 5019 (a) to correct the same decree by adding a provision thereto directing the payment of interest pursuant to CPLR 5002.

Ordered that the order dated December 19, 2014, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 3, 2015, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the appellant's motion pursuant to CPLR 5019 (a) to correct the decree by adding a provision thereto directing the payment of interest pursuant to CPLR 5002 is granted, and the matter is remitted to the Surrogate's Court, Suffolk County, for the calculation of interest and the entry of an amended decree in accordance herewith.

In this proceeding to judicially settle the first and final account of an irrevocable inter vivos trust, on a prior appeal and cross-appeals from a decree, this Court modified the decree by increasing a sum assessed against the estate of Judith N. Doman (see Matter of Doman, 110 AD3d 1073 [2013]). Thereafter, the objectant Alexander Doman (hereinafter the objectant) moved, in effect, for leave to renew with respect to the decree and, upon renewal, to modify the decree by adding an award of predecision interest pursuant to CPLR 5001 on sums assessed against the estate of Judith N. Doman. The Surrogate's Court denied his motion. The objectant then moved pursuant to CPLR 5019 (a) to correct the same decree by adding a provision thereto directing the payment of interest from the date of the decision to the entry of the decree pursuant to CPLR 5002 on all sums assessed thereunder. The court also denied that motion. The objectant appeals.

An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Surrogate's Court, as well as on the appellate court (see Congel v Malfitano, 141 AD3d 64, 70 [2016]; Quinn v Hillside Dev. Corp., 21 AD3d 406, 407 [2005]; Matter of Oak St. Mgt., Inc., 20 AD3d 571, 571 [2005]). The "doctrine 'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision' " (Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253 [2016], quoting Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717 [2012]). Here, contrary to the petitioner's contention, this Court did not resolve on the merits the objectant's request for interest pursuant to CPLR 5001 (a) upon the sums assessed against the estate of Judith N. Doman or the objectant's request for interest pursuant to CPLR 5002 (see Matter of Doman, 110 AD3d at 1075).

A court of original jurisdiction may entertain a motion for leave to renew or to vacate a prior order or judgment on the ground of newly discovered evidence even after an appellate

court has affirmed the original order or judgment. Nonetheless, in order to imbue the appellate decision with a degree of certainty, on a post-appeal motion for leave to renew or to vacate, the movant bears a heavy burden of showing due diligence in presenting the new evidence to the court of original jurisdiction (*see Estate of Essig v 5670 58 St. Holding Corp.*, 66 AD3d 822, 822-823 [2009]; *see also Sealey v Westend Gardens Hous. Dev. Fund Co., Inc.*, 97 AD3d 653, 654-655 [2012]; *Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]; *Levitt v County of Suffolk*, 166 AD2d 421, 422-423 [1990]). Here, the objectant failed to present "new facts not offered on the prior motion that would change the prior determination" warranting renewal (CPLR 2221 [e] [2]). In any event, the Surrogate's Court providently exercised its discretion in declining to award predecision interest pursuant to CPLR 5001 (a).

Nevertheless, the Surrogate's Court improvidently exercised its discretion in denying the objectant's motion to correct the omission of an award of interest pursuant to CPLR 5002 from the date of the decision upon which the decree was entered (*see* CPLR 5019 [a]; *Rodriguez v Long Is. Coll. Hosp.*, 289 AD2d 556, 556-557 [2001]). " 'Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand' " (*Dermigny v Harper*, 127 AD3d 685, 686 [2015], quoting *Matter of Kavares [Motor Veh. Acc. Indem. Corp.]*, 29 AD2d 68, 70 [1967]; *see Coronet Capital Co. v Spodek*, 74 AD3d 1271, 1273 [2010]). Consequently, this matter must be remitted to the Surrogate's Court, Suffolk County, for the entry of an amended decree providing for prejudgment interest under CPLR 5002 upon all sums assessed thereunder. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.