Bythewood v Renaissance Mtge. Acceptance Corp. (2020 NY Slip Op 06088)





Bythewood v Renaissance Mtge. Acceptance Corp.


2020 NY Slip Op 06088


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-02521
2018-02522
 (Index No. 605605/17)

[*1]David A. Bythewood, respondent, 
v
Renaissance Mortgage Acceptance Corp., et al., defendants, HSBC Bank USA, N.A., appellant. RAS Boriskin, LLC, Westbury, NY (Joseph Battista of counsel), for appellant.


David A. Bythewood, Mineola, NY, respondent pro se.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant HSBC Bank USA, N.A., appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 12, 2018, and (2) a judgment of the same court entered January 12, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, N.A., and denied that branch of that defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The judgment, insofar as appealed from, upon the order, vacated the subject mortgage and lis pendens, directed the County Clerk, Nassau County, to strike and permanently remove from the record the subject mortgage and lis pendens, and barred the defendant HSBC Bank USA, N.A., from claiming an interest in the real property encumbered by the subject mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, N.A., is denied, that branch of the cross motion of the defendant HSBC Bank USA, N.A., which was to dismiss the complaint insofar as asserted against it is granted, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In light of our determination on a related appeal (see HSBC Bank USA, N.A. v Arias, ___ AD3d ___ [decided herewith]), inter alia, restoring to the Supreme Court's active calendar an action to foreclose a mortgage on the subject property, the judgment in this action must be reversed [*2]insofar as appealed from. The plaintiff here cannot, as a matter of law, prove that an action to foreclose the mortgage is barred by the statute of limitations. Therefore, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, N.A. (hereinafter HSBC), should have been denied, regardless of the sufficiency of HSBC's opposition papers (see Prand Corp. v Gardiner, 176 AD3d 1127, 1129-1130; Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 172 AD3d 960, 961-962). Furthermore, the complaint failed to state a cause of action insofar as asserted against HSBC.
In light of our determination, we need not reach HSBC's remaining contentions.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court