Retemiah v Bank of N.Y. Mellon (2021 NY Slip Op 03478)





Retemiah v Bank of N.Y. Mellon


2021 NY Slip Op 03478


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10260
 (Index No. 509403/17)

[*1]Paul Retemiah, respondent, 
v
Bank of New York Mellon, etc., appellant.


Akerman LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for appellant.
Balisok & Kaufman, PLLC, Brooklyn, NY (Jesse L. Kaufman of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 2, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint is denied.
In 2010, nonparty Nationstar Mortgage, LLC (hereinafter Nationstar), commenced an action against the plaintiff, among others, to foreclose a mortgage (hereinafter the 2010 foreclosure action) that the plaintiff allegedly executed in favor of Nationstar's predecessor in interest. On January 28, 2014, the Supreme Court issued a conditional order of dismissal and thereafter the 2010 foreclosure action was ministerially dismissed, without further notice to the parties.
In April 2017, Nationstar assigned the mortgage to the defendant. In May 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint. In an order dated May 2, 2018, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see RPAPL 1501[4]; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]). "'"[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt"'" (Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150, quoting Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935, quoting [*2]Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867).
In light of our determination on a related appeal (see Nationstar Mortgage, LLC v Retemiah, _____ AD3d _____ [decided herewith]), inter alia, affirming the order, in effect, restoring the 2010 foreclosure action to the active calendar, we must reverse the order in this action insofar as appealed from. The plaintiff cannot demonstrate as a matter of law that the statute of limitations has expired (see Bythewood v Renaissance Mtge. Acceptance Corp., 187 AD3d 1121).
In light of our determination, the defendant's remaining contentions need not be reached.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court