Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co. (2025 NY Slip Op 00313)

Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co.

2025 NY Slip Op 00313

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-09141
 (Index No. 2565/15)

[*1]Karpa Realty Group, LLC, appellant,
v
Deutsche Bank National Trust Company, etc., respondent, et al., defendants.

Andrei A. Popescu, PLLC, Brooklyn, NY, for appellant.
Hinshaw Culbertson, LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 31, 2022. The order granted the motion of the defendant Deutsche Bank National Trust Company pursuant to CPLR 5015(a) to vacate an order of the same court (Johnny Lee Baynes, J.) dated April 1, 2016, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Deutsche Bank National Trust Company and denying that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it and thereupon, to grant that defendant's cross-motion and, in effect, to deny that branch of the plaintiff's motion.
ORDERED that the order dated May 31, 2022, is affirmed, with costs.
In 2006, Alister Aird obtained a loan from New Century Mortgage Corporation (hereinafter New Century), which was secured by a mortgage on certain real property located in Brooklyn (hereinafter the property). After Aird defaulted on his mortgage payments, the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank), as New Century's assignee, commenced an action against Aird, among others, to foreclose the mortgage (hereinafter the foreclosure action). By order dated December 10, 2013, the Supreme Court directed dismissal of the complaint pursuant to CPLR 3216 for want of prosecution unless Deutsche Bank complied with certain conditions within 90 days (hereinafter the 2013 order). Deutsche Bank failed to comply, resulting in dismissal of the foreclosure action (see Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d 886, 887).
In 2015, the plaintiff, after acquiring title to the property from Aird, commenced this action pursuant to RPAPL 1501(4) against Deutsche Bank, among others, to cancel and discharge of record the mortgage. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Deutsche Bank, and Deutsche Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 21, 2016 (hereinafter the 2016 order), the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied Deutsche Bank's cross-motion. Deutsche Bank appealed from the [*2]2016 order (hereinafter the prior appeal). By decision and order dated August 29, 2018, this Court affirmed the 2016 order, concluding, inter alia, that Deutsche Bank was unable to successfully foreclose the mortgage because the foreclosure action had been dismissed pursuant to the 2013 order and a new action would have been time-barred (see id. at 887-888).
Shortly prior to this Court's determination of the prior appeal, however, the Supreme Court, by order in the foreclosure action dated August 8, 2018 (hereinafter the 2018 order), granted Deutsche Bank's motion, inter alia, to vacate the 2013 order. The 2018 order was not before this Court at the time it decided the prior appeal in this action. In the foreclosure action, the plaintiff subsequently moved for leave to renew and reargue its opposition to Deutsche Bank's motion, among other things, to vacate the 2013 order. In an order dated February 28, 2019, the Supreme Court, inter alia, denied the plaintiff's motion. Thereafter, Deutsche Bank moved in this action pursuant to CPLR 5015(a) to vacate the 2016 order and thereupon, to grant its cross-motion for summary judgment dismissing the complaint insofar as asserted against it and, in effect, to deny that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against it. By order dated May 31, 2022, the court granted Deutsche Bank's motion. The plaintiff appeals.
"CPLR 5015(a)(5) permits a court which rendered an order to relieve a party from the order where there has been a reversal, modification or vacatur of a prior judgment or order upon which it is based. . . . [A] court [also] has the inherent power to grant a motion to vacate its own judgment or order for sufficient reason, in furtherance of justice" (BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d 901, 903 [internal quotation marks omitted]; see 203-205 N 8th St., LLC v 203-205 N. 8th St. Loft, LLC, 212 AD3d 691, 693). Moreover, "[p]ursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired. A mortgage foreclosure action is subject to a six-year statute of limitations" (Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650 [internal citations omitted]).
Here, the Supreme Court issued the 2016 order in this action—which granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank and denied Deutsche Bank's cross-motion for summary judgment dismissing the complaint insofar as asserted against it—because the foreclosure action had been dismissed pursuant to the 2013 order (see Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d at 887). However, in light of the 2018 order in the foreclosure action vacating the 2013 order, thereby restoring that action to the calendar, the plaintiff could no longer demonstrate as a matter of law that the statute of limitations had expired (see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 903; Retemiah v Bank of N.Y. Mellon, 195 AD3d at 650; Bythewood v Renaissance Mtge. Acceptance Corp., 187 AD3d 1121, 1122). Contrary to the plaintiff's contention, even though this Court affirmed the 2016 order on the prior appeal, the Supreme Court's determination to vacate the 2016 order did not constitute an improper "reversal" of an appellate court's order by the Supreme Court under the circumstances presented (see e.g. Matter of Doman, 150 AD3d 994, 995-996; Specialized Realty Servs., LLC v Town of Tuxedo, 106 AD3d 987, 987; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376). Accordingly, the Supreme Court properly granted Deutsche Bank's motion pursuant to CPLR 5015(a) to vacate the 2016 order and thereupon, to grant its cross-motion for summary judgment dismissing the complaint insofar as asserted against it and, in effect, to deny that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against it (see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 903).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court