Kyowa Seni, Co., Ltd. v ANA Aircraft Technics, Co., Ltd. (2025 NY Slip Op 03281)

Kyowa Seni, Co., Ltd. v ANA Aircraft Technics, Co., Ltd.

2025 NY Slip Op 03281

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 650589/17|Appeal No. 4495-4496-4497-4498-4499-4500-4501-4502|Case No. 2018-03935, 2024-04761, 2024-06238, 2025-00534|

[*1]Kyowa Seni, Co., Ltd., Plaintiff-Appellant,
v
ANA Aircraft Technics, Co., Ltd., et al., Defendants-Respondents.

Florence Rostami Law, LLC, New York (Florence Rostami of counsel), for appellant.
Friedman Kaplan Seiler Adelman & Robbins LLP, New York (Jason C. Rubinstein of counsel), for respondents.

Judgment, Supreme Court, New York County (Robert R. Reed, J.), entered December 23, 2024, awarding judgment in favor of defendants and against plaintiff in the amount of $510,036.27 for costs and attorneys' fees, including pre-judgment interest at a rate of 9% from July 5, 2018 until December 23, 2024, unanimously affirmed, with costs. Appeal from order, Supreme Court, New York County (Robert R. Reed, J.), entered July 5, 2024, which granted in part plaintiff's motion to reject in part and confirm in part the report and recommendation of Judicial Hearing Officer Philip S. Straniere, dated November 25, 2019, to the extent of confirming the report "insofar as defendants were awarded reimbursement for attorneys' fees in the amount of $322,139.35, together with interest at the statutory rate of 9% from July 5, 2018," unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about June 18, 2018, which granted defendants' motion to dismiss the complaint and granted defendants' motion for sanctions to the extent of awarding "defendants' costs and attorney's fees incurred in this action" in an amount to be determined after a hearing before a Special Referee, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This action was properly dismissed for lack of personal jurisdiction.
Defendants are not subject to general jurisdiction in New York because none of the defendant entities are incorporated in or have their principal place of business in New York, and their New York presence is not so substantial as to render this the "exceptional case" in which they are nonetheless essentially "at home" here (see Okoroafor v Emirates Airlines, 195 AD3d 540, 540-541 [1st Dept 2021], lv denied 37 NY3d 919 [2022]; Chufen Chen v Dunkin' Brands, Inc., 954 F3d 492, 500 [2d Cir 2020]; Arzu v American Airlines, Inc., 690 F Supp 3d 242, 249 [SD NY 2023]; see generally Aybar v Aybar, 37 NY3d 274, 289 [2021]; Daimler AG v Bauman, 571 US 117, 122, 137-138, 139 nn 19, 20 [2014]).
Specific jurisdiction is not appropriate pursuant to CPLR 302(a)(1) because there is no "articulable nexus" between defendants' activities in New York and plaintiff's claims, which relate to the termination of an agreement that was negotiated, signed, and performed in Japan, by Japanese companies, and involve alleged misrepresentations made by a Japanese company in Japan and injury suffered by plaintiff in Japan, where it is located (see generally D&R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297-299 [2017]). The fact that the seat covers manufactured by plaintiff were used on flights to New York (among other places) is irrelevant to this dispute. Even if United States regulations applied to the seat covers, this would not give New York an interest in this dispute.
Specific jurisdiction is likewise not appropriate pursuant to [*2]CPLR 302(a)(2) because none of the tortious conduct at issue was committed in New York.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to preclusion, timeliness, failure to state a claim, or forum non conveniens.
Supreme Court providently exercised its discretion in awarding sanctions for frivolous conduct pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1. This action is plainly without merit, including because plaintiff has no arguable relationship to New York. Plaintiff was repeatedly notified of the frivolous nature of its claims and given opportunities to withdraw them, but did not do so.
There is also no basis to reduce the amount of the attorneys' fees award.
The motion court properly declined plaintiff's request to limit the award to fees incurred in connection with the motion to dismiss. The sanctions order clearly awarded attorneys' fees "incurred in this action," which was consistent with the court's finding that "[t]his action" (not merely plaintiff's conduct in connection with the subject motion) "is meritless and without a good faith basis." The motion court's subsequent comments from the bench were insufficient to modify the clear statement in that order.
The motion court did not award "fees on fees" — i.e., fees incurred in pursuing an award of attorneys' fees (see generally Matter of Lillian G. [Steven G. — Gary G.], 208 AD3d 871, 875 [2d Dept 2022]). Fees incurred in connection with the fees hearing were specifically excluded. Fees incurred in connection with the sanctions motion are properly recoverable because the amount of fees was not at issue on that motion, only the propriety of plaintiff's claims (see Sprecase v Tenreiro, 216 AD3d 499, 499 [1st Dept 2023], lv dismissed 40 NY3d 1090 [2024]).
The motion court providently exercised its discretion in declining to reduce the fee award for time allegedly spent ghostwriting defendants' expert's opinions. The record reflects that defendants' expert generated and approved the substance of his opinions. It is not improper for an attorney to assist an expert in drafting his opinion (see CDR-Wantagh, Inc. v Shell Oil Company, 2011 WL 795865, *7 , 2011 US Dist LEXIS 19717, *18-19 [ED NY Feb. 28, 2011, No. 07-CV-4497 (DRH)(ETB)]; Lab Crafters, Inc. v Flow Safe, Inc., 2007 WL 7034303, *5, 2007 US Dist LEXIS 99079, *15-16 [ED NY Oct. 26, 2007, No. CV-03-4025 (SJF)(ETB)]). Nor was the amount of time spent working with the expert inherently unreasonable.
Plaintiff's challenge to the conversion rate used in converting defendants' counsel's invoiced fees from yen to dollars is not properly considered because it was explicitly waived. Plaintiff's challenge to the award of prejudgment interest is similarly unpreserved, as it was not raised in plaintiff's motion to reject in part and confirm in part the Referee's report. This award was at any rate mandatory under CPLR 5002 (see Spathis v Spathis, 137 AD3d 654[*3], 654 [1st Dept 2016]; Matter of Doman, 150 AD3d 994, 996 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025